In the Matter of the Application of CLAUDE SAGENDORF, as Welfare Officer of the Town of Brutus, County of Cayuga, State of New York, Respondent, for an Order to Compel the Support of MARJORIE VAN NORSTRAND and RUTH VAN NORSTRAND, by CLAUDE VAN NORSTRAND, Father, Defendant, and MAUDE VAN NORSTRAND, Grandmother, Appellant.— Order reversed on the law and facts, without costs of this appeal to either party, and a new trial granted. Memorandum: The father of the dependents on relief being primarily liable for their support, and the appellant, grandmother, being only secondarily liable, we hold that the finding, which is implicit in the order appealed from, that the father is unable to respond to his duty to support his children is contrary to and against the weight of the evidence. We also hold that it was improper to charge the entire cost of the proceeding against the appellant. All concur. (The order directs a grandmother to contribute to the support of grandchildren.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

In the Matter of the Judicial Settlement of the Accounts of HERBERT B. MYRON, as Executor, etc., of ELLEN DALY, Deceased. JOHN M. TRAINOR, Claimant, Appellant; HERBERT B. MYRON, as Executor, etc., Respondent.— Decree reversed on the law and facts, with costs payable out of the estate, and matter remitted to the Surrogate's Court to enter a decree in accordance with the memorandum. Memorandum: Upon appeal from a surrogate's decree dismissing a claim against a decedent's estate for board, room, care and house repairs alleged to have been furnished the decedent, we reach the conclusion that the dismissal of the claim is against the weight of evidence. Exercising the authority given by section 309 of the Surrogate's Court Act, we remit the proceeding to Surrogate's Court with directions to enter a decree allowing the claim herein in the amount of $1,262.82, with interest from the date of filing of the claim, which amount is comprised of the following items: For board, room and care furnished to the decedent for a period of two years prior to her death (which occurred on August 26, 1937), at ten dollars per week — $1,040; for labor and materials furnished between January 3, 1933, and May 25, 1937, inclusive, in the repair and improvement of premises owned by decedent at 105 Sabine street, Syracuse, N. Y.— $518.32; for payment made to Helen Manley for services rendered as nurse to the decedent in June, July and August, 1937 — $24.50; less the sum of $320 due to the decedent from the claimant for rental, at twenty dollars per month for sixteen months, of an apartment owned by decedent at 105 Sabine street, Syracuse, N. Y. All concur. (The decree dismisses a claim against the estate for services performed for decedent.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.